IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP HANCOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEVEN HARPE, Official Capacity as )<br>Director of Oklahoma Department of )<br>Corrections, )<br>)<br>Defendant. ) | Case No. CIV-22-00976-JD |

# ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report and Recommendation ("R. & R.") [Doc. No. 7], recommending that the Court dismiss without prejudice Plaintiff's 42 U.S.C. § 1983 Complaint [Doc. No. 1] for failure to state a claim upon which relief may be granted. Plaintiff alleges that the seizure of his digital media player and music downloads by Defendant violated his constitutional rights under the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment.

I.   **BACKGROUND**

The Court referred this action to Judge Erwin consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). [Doc. No. 3]. Upon screening the Complaint under 28 U.S.C. § 1915A, Judge Erwin concludes that Plaintiff has failed to state a claim under the Fifth Amendment because Plaintiff does not allege that his private property was taken for any

type of "public use." R. & R. at 3.[1] Judge Erwin also recommends that the Court reject Plaintiff's due process claim because Plaintiff fails to allege an "atypical and significant hardship" resulting in a property interest protected by the Due Process Clause, and Plaintiff had an adequate and available post-deprivation remedy, and, by his own account, was granted some relief. *See id.* at 5–6.

Within the time limits authorized by the Court, Plaintiff filed objections to the R. & R. ("Objection") [Doc. No. 10]. Accordingly, the Court must make a de novo determination of any portion of the R. & R. to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Upon de novo review of the issues presented, and for the reasons stated herein, the Court adopts the R. & R. [Doc. No. 7] and dismisses without prejudice Plaintiff's claims for failure to state a claim.

## II.   LEGAL STANDARDS

By statute, the Court is required only to review de novo those portions of the R. & R. "*to which objection is made.*" 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff is proceeding pro se; thus, the Court must construe his pleadings

---

[1] The Court uses CM/ECF page numbering from the top of docket filings in this Order.

"liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements." *Id.*

Nonetheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

#### A. The Court dismisses without prejudice Plaintiff's Fifth Amendment Takings Clause claim.

In his Objection [Doc. No. 10], Plaintiff does not challenge Judge Erwin's conclusion that Plaintiff fails to state a claim under the Fifth Amendment's Takings Clause because he does not allege that his private property was taken for any type of "public use." Rather, Plaintiff asserts that Federal Rule of Civil Procedure 8(a)(2) only requires a short and plain statement of the claim and the grounds upon which it rests. Objection at 1. He asserts that he is now "forced to present his entire case to plausibly contradict and refute the [R. & R.] line for line, which would make for a [voluminous] response." *See id.* at 1–2.

The Court concurs with Judge Erwin's conclusion that Plaintiff fails to allege that his private property was taken for "public use." Here, Plaintiff alleges a violation of the Takings Clause occurred because he was forced "to surrender" his digital media player and digital music files and repurchase them from Defendant's new vendor under a new policy by Defendant. Compl. at 4. He asserts that this policy affected every prisoner in Defendant's custody possessing digital music downloads and digital media players, and that staff informed the prisoners the "players were henceforth contraband." *See id.* at 6. He asks the Court to restore access or provide just compensation. *See id.* However, he does not allege that his private property was taken for any type of "public use," which is a required element for stating a Takings Clause claim.

The Fifth Amendment Takings Clause provides that "private property [shall not]

be taken for public use, without just compensation." U.S. Const. amend. V. The Fourteenth Amendment "incorporates the Takings Clause against the States." *Sheetz v. Cnty. of El Dorado*, 601 U.S. 267, 276 (2024). Both the United States Supreme Court and the Tenth Circuit draw a distinction between states acting pursuant to their power of eminent domain and states acting pursuant to their police power. *See, e.g.*, *Sheetz*, 601 U.S. at 274 (explaining that the "Takings Clause's right to just compensation coexists with the States' police power"); *Bennis v. Michigan*, 516 U.S. 442, 452 (1996) (explaining that the government is not required to compensate an owner for property which it has already acquired under the exercise of governmental authority other than the power of eminent domain); *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 836 (1987) (explaining that a government agency exercising its legitimate police power is constitutional); *Lawmaster v. Ward*, 125 F.3d 1341, 1351 (10th Cir. 1997) (explaining that the plaintiff failed to allege any facts to show that his property was taken for public use or how the agents' conduct violated his right to be free from unconstitutional takings); *Lech v. Jackson*, 791 F. App'x 711, 717 (10th Cir. 2019) (unpublished) (equating a state's power to take property for public use with the state's power of eminent domain, as opposed to its police power). A legitimate exercise of a state's police power is not a taking under the Fifth Amendment. Rather, to state a claim under the Fifth Amendment, a plaintiff must allege facts to show that the state acted pursuant to its power of eminent domain.

In *Lawmaster*, the plaintiff contended that federal agents' destruction of his property during their search of his home was "a taking without due process of law." 125

5

F.3d at 1351. The Tenth Circuit concluded that the plaintiff "fail[ed] to allege any facts showing how his property was taken for public use in violation of the Fifth Amendment," thereby entitling the agents to qualified immunity on the plaintiff's Fifth Amendment claim. *See id.* In *Lech*, the Tenth Circuit clarified that while it "did not expressly note as much in *Lawmaster*, [the court had] previously equated the state's power to 'take[] property for public use' with the state's power of eminent domain, as opposed to its police power." 791 F. App'x at 717 (quoting *Lamm v. Volpe*, 449 F.2d 1202, 1203 (10th Cir. 1971) ("Police power should not be confused with eminent domain, in that the former controls the use of property by the owner for the public good, authorizing its regulation and destruction without compensation, whereas the latter takes property for public use and compensation is given for property taken, damaged or destroyed.")). The Tenth Circuit further explained that "by holding that the plaintiff in *Lawmaster* could not show a Fifth Amendment violation because he failed to show 'how his property was taken for public use,'" the court was "implicitly [holding] [that Lawmaster's] Takings Clause claim failed because he could not show the government acted pursuant to its power of eminent domain, rather than pursuant to its police power." *Id.* (quoting *Lawmaster*, 125 F.3d at 1351); *see also McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (unpublished) (relying in part on *Lawmaster* to hold that the defendants were exercising the state's police power when they seized the plaintiff's property pursuant to a search warrant, and therefore, the defendants did not engage in a "taking" under the Fifth Amendment); *Benge v. City of Tulsa*, Case No. 15-CV-714-GKF-FHM, 2016 WL 10935187, at *2 (N.D. Okla. June 30, 2016) (because the plaintiff alleged "a seizure of

6

property by state officials pursuant to the state's police power, he fail[ed] to state a claim under the Takings Clause").

Likewise, Plaintiff alleges a seizure of property by Defendant pursuant to the state's police power and does not allege that his private property was taken for any type of "public use." Thus, he fails to state a claim under the Fifth Amendment's Takings Clause, and the Court dismisses that claim without prejudice.

### B. The Court dismisses without prejudice Plaintiff's Fourteenth Amendment Due Process Clause claim.

Plaintiff alleges that his due process rights were violated by Defendant's seizure of his digital media player and music downloads, which he had purchased. Judge Erwin recommends that the Court reject Plaintiff's due process claim for two reasons: (1) because Plaintiff identifies no protected property interest at issue arising from Defendant confiscating his digital music downloads and digital media player; and (2) Plaintiff had an adequate and available post-deprivation remedy, and, by his own account, was granted partial relief.

Plaintiff asserts, in his Objection, that Defendant's "direct actions . . . created a 'property interest' that is connected to [Plaintiff's] 'Inmate Trust Fund Account.'" Objection at 1. He contends that Defendant "facilitated and controlled every aspect of the digital music program, from sales to delivery," thereby withdrawing funds from Plaintiff's Inmate Trust Fund Account with each transaction and taking "a cut of the profit from [each] sale." *See id.*

"The Fourteenth Amendment's Due Process Clause protects persons against

deprivations of life, liberty, or property, and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *see also Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) ("A due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered.") "Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a 'retraction justified by the considerations underlying our penal system.'" *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) (citation omitted). The Supreme Court has established that a protected liberty interest is at issue in a prison setting only when an inmate is subjected to (1) conditions that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or (2) actions that "inevitably affect the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). "Although *Sandin* addresses liberty interests, [the Tenth Circuit] interpret[s] it to extend the same analysis to protected property interest inquiries." *See Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Steffey*, 461 F.3d at 1221 (explaining that the Tenth Circuit reviews property interest claims by prisoners under *Sandin*'s atypical-and-significant-deprivation analysis).

Leaving aside the fact that he cannot amend his Complaint through Objection, Plaintiff's additional allegations in his Objection do not establish a property interest protected by the Due Process Clause. Although Plaintiff alleges that he lawfully purchased the digital media player and music downloads, he also alleges that a change in Defendant's policy rendered the items "contraband," resulting in their "confiscation."

Compl. at 6. A "prohibition of contraband material," however, does "not impose an 'atypical and significant hardship' on [the inmate]," resulting in a property interest protected by the Due Process Clause. *See Ciempa v. Jones*, 745 F. Supp. 2d 1171, 1192 (N.D. Okla. 2010) (concluding that the plaintiff prisoner had no protected property interest in *The Five Percenter* newspaper). Denying or restricting a prisoner's right to possess certain property does not arise to a condition that is sufficiently atypical or significant in relation to the ordinary incidents of prison life. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 610 (7th Cir. 2005) (explaining that the plaintiff had failed to allege an atypical and significant hardship under *Sandin* where plaintiff complained of "no access or very little access to audio/visual items" while incarcerated). Plaintiff's allegations fall short, as he has not alleged adverse consequences beyond the general constraints of incarceration or how losing the property has caused significant hardship or affected his sentence.

Additionally, Plaintiff has not alleged facts to show that the procedure used to confiscate his digital media player and digital music downloads was inadequate under the circumstances. By his own account, he was paid "$50.00 . . . for the digital music player," resulting in "partial relief granted" through Defendant's administrative grievance procedure. Compl. at 7–8. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (recognizing that intentional deprivation of property does not constitute a violation of the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available"); *see also Wilson v. United States*, 29 F. App'x 495, 497 (10th Cir. 2002) (unpublished) (explaining that the inmate failed to demonstrate a Fifth Amendment due process violation based on

9

an intentional loss of his books where he was afforded an administrative remedy).

This is true regardless of whether the inmate is successful in using the remedy. *See Robinson v. Doe*, 761 F. App'x 855, 856 (10th Cir. 2019) (unpublished) (explaining that if the inmate "had alleged the deprivation of a protected liberty interest, the [prison's] grievance procedure he ultimately invoked was an adequate and available postdeprivation remedy—regardless of his success in using it," and "there is no requirement that he receive the remedy of his choosing"). Like the facts in the instant case, the inmate in *Robinson* had alleged a violation of his due process rights "when he lost the ability to play music on an electronic tablet he purchased from the prison canteen." *See id.* at 855. According to the plaintiff in *Robinson*, he had paid $1,568.12 for music on the tablet, and when the tablet "needed adjustment . . . to continue its function," he was not able to get it adjusted because the prison had canceled its contract with the vendor. *See id.* at 856. The Tenth Circuit dismissed the appeal as frivolous, concluding that the "circumstances surrounding [the plaintiff's] inability to get his music tablet adjusted do not involve such a significant departure from normal prison conditions as to create a liberty or property interest protected by the Fourteenth Amendment's Due Process Clause." *See id.* at 857.

Thus, for these reasons, Plaintiff fails to state a claim for a Fourteenth Amendment Due Process Clause claim, and the Court dismisses without prejudice this claim.

## IV.   CONCLUSION

Upon de novo review of the issues presented, the Court ADOPTS Judge Erwin's Report and Recommendation [Doc. No. 7] in its entirety. Plaintiff's claims against Defendant Steven Harpe in his official capacity as the Director of the Oklahoma

Department of Corrections are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 17th day of September 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE